GARRISON, Judge.
The defendants, Reginald and Thomas Alford, were each charged by grand jury indictment with two counts of aggravated kidnapping, in violation of LSA-R.S. 14:44, two counts of armed robbery, in violation of LSA-R.S. 14:64 and two counts of aggravated rape, in violation of LSA-R.S. 14:42. A jury found both defendants guilty as charged on all counts. The defendants were sentenced to: 1) life imprisonment at hard labor on each count of aggravated *458 kidnapping, the sentences to run concurrently; 2) fifty years at hard labor on each count of armed robbery, the sentences to run concurrently with each other and with the sentences imposed for the aggravated kidnapping convictions; and 3) life imprisonment at hard labor on each count of aggravated rape, the sentences to run concurrently with each other and consecutively with all other sentences imposed. All of the sentences are to be served without benefit of parole, probation or suspension of sentence. Both defendants appeal their convictions and sentences.
On the evening of September 28, 1984, the two teen-age girls who were the victims in this case had attended a high school dance. After the dance, the girls walked to the corner of Broad Street and Esplanade Avenue to take a bus home. At the bus stop, they were approached by four boys: Reginald and Thomas Alford, the defendants in this case, Vernon Bolds and Glen Mitchell. Thomas Alford was armed with a gun and demanded the girls’ jewelry, which they surrendered to Reginald Alford and Vernon Bolds. The boys then ordered the girls to get into the car with them under the threat that they would be killed if they refused to comply. The girls got into the boys’ car and were driven to New Orleans City Park where the boys raped them. The boys then fled the scene.
On appeal, the defendants argue that the trial court erred in refusing to issue a subpoena duces tecum to produce the juvenile records, if any, of the victims sought by the defense prior to trial. Specifically, the defendants argue that they are entitled to inspect these records if they exist to determine if information contained therein can be used to impeach the victims’ credibility during cross-examination pursuant to the rights guaranteed in the confrontation clause of the Sixth Amendment to the United States Constitution.
In State v. Toledano, 391 So.2d 817 (La. 1980), the Louisiana Supreme Court addressed the issue of whether the right to confront witnesses supersedes the State’s policy of protecting the anonymity of a juvenile offender. In that case, the defense contended that the trial court committed reversible error in denying the defendant’s motion for production of the “rap sheet” of State’s juvenile witness. Although the court noted that juvenile records are generally privileged and not subject to public inspection under LSA-R.S. 13:1586, it held that:
“The extreme importance and constitutional status of the right to confrontation (which includes the reasonable opportunity to impeach the witness’ credibility) requires that any statutory right to confidentiality of juvenile proceedings under these circumstances must yield if the discrediting value of a prior juvenile adjudication is such that its disclosure is essential to a fair trial.” Id at 820.
In Toledano, the court remanded the case to the trial court and instructed the trial court to conduct an in camera inspection of the juvenile record of the witness to determine “whether the witness’ juvenile adjudication has such discrediting value that there is reasonable likelihood it would have affected the verdict and thus ... must be viewed as evidence favorable to the accused.”
In the present case, it is not known if the victims had juvenile records and if they did, if those records contain information which would have affected the jury verdict. In accordance with Toledano, this case must be remanded to the trial judge for an in camera inspection of the victims’ juvenile records of prior adjudications, if they exist, and their discrediting value, if any. If the trial judge determines that the victims had juvenile records of prior adjudications that are so discrediting that there is a reasonable likelihood that they would have affected the jury verdict, then judgment reversing defendants’ convictions and ordering a new trial should be entered accordingly. If there are no records or records with no discrediting value, defendants’ convictions and sentences should be affirmed.
In the second assignment of error, defendants argue that their sentences are excessive. Specifically, they contend that their sentences for the aggravated rape convictions should not have been imposed *459 to run consecutively with their other sentences. Defendants claim that this consecutive imposition of sentences violates LSA-C.Cr.P. art. 883 which provides that when crimes arise from a single course of conduct, the sentences should generally run concurrently rather than consecutively.
The crimes in this case do arise from a single course of conduct. However, C.Cr.P. art. 883 also states that sentences shall be served concurrently “unless the court expressly directs that some or all be served consecutively”. In this case, the trial judge expressly stated that the sentences for defendants’ aggravated rape convictions are to be served consecutively to their other sentences.
In his reasons for sentencing, the trial judge pointed out the extremely violent nature of these crimes as justification for the imposition of the consecutive sentences. Because the defendants held two girls, ages thirteen and fourteen, at gunpoint, robbed them and violently rapéd them, we conclude that the imposition of consecutive sentences was not excessive.
Furthermore, the defendants’ argument that this case needs to be remanded due to the trial judge’s failure to follow the sentencing guidelines of LSA.-C.Cr.P. art. 894.1 is without merit because the record supports the sentencing choice of the trial judge. State v. Washington, 482 So.2d 118 (La.App.4th Cir.1986). As stated above, the violence of these crimes indicates the reason for the lengthy sentences imposed. Furthermore, the life sentences imposed for the aggravated rape and aggravated kidnapping convictions were mandated under those statutes, LSA-R.S. 14:42 and LSA-R.S. 14:44. The fifty year sentences received for the armed robbery convictions were far less than the maximum ninety-nine year sentences possible. For these reasons, the sentences imposed in this case were clearly justified.
Therefore, as stated above, this case is remanded to the trial judge for an in camera inspection of the victims’ juvenile records of prior adjudications, if any. If the trial court determines that the victims had juvenile records of prior adjudications that are so discrediting as to create a reasonable likelihood that the jury would have reached a different verdict, then judgment reversing the defendants’ convictions and ordering a new trial should be entered accordingly. On the other hand, if the trial court decides that the convictions should stand because there are no juvenile records or there are records with no discrediting value, then the defendants may seek review by this Court of that ruling.
REMANDED FOR FURTHER PROCEEDINGS.